FILED
United States Court of Appeals
Tenth Circuit

April 30, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

RANDY KAILEY,

        Movant.

No. 08-1050
(D.C. No. 1:07-CV-2531-BNB)
(D. Colo.)

---

ORDER

---

Before **MURPHY**, **McCONNELL**, and **GORSUCH**, Circuit Judges.

---

      Randy Kailey was convicted in Colorado state court of two counts of aggravated incest. The victims were his two daughters. He unsuccessfully pursued direct appeals and post-conviction proceedings in state court, then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition, this court affirmed, and the Supreme Court denied certiorari. *Kailey v. Norton*, No. 94-1512, 1996 WL 15547, at *3 (10th Cir. Jan. 17, 1996), *cert. denied*, 517 U.S. 1193 (1996). Mr. Kailey then filed another § 2254 petition, which the district court dismissed as successive. *Kailey v. Furlong*, No. 96-cv-02651-LTB, slip op. (D. Colo. May 9, 1997), *appeal dismissed*, No. 97-1223, slip op. (10th Cir. Nov. 13, 1997). In 2007, Mr. Kailey filed another § 2254 petition, which the district court transferred to this court so he

could seek authorization to file it under 28 U.S.C. § 2244(b)(3).  Mr. Kailey then filed in this court a motion seeking authorization to file a second or successive § 2254 petition.

A petitioner seeking to bring a second or successive § 2254 petition may proceed only with a claim not presented in a prior application that "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or relies on facts that "could not have been discovered previously through the exercise of due diligence" and that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," *id.* § 2244(b)(2)(B).  Mr. Kailey need only make a prima facie showing of the statutory requirements.  *Id.* § 2244(b)(3)(C).  A prima facie showing has been defined as a "sufficient showing of possible merit to warrant a fuller exploration by the district court." *Ochoa v. Sirmons*, 485 F.3d 538, 545 (10th Cir. 2007) (quotation omitted).

Mr. Kailey proceeds under the new evidence prong, pointing to two types of new evidence.  He presents recent affidavits of his two daughters and the ex-husband of one of his daughters stating that his ex-wife's sister (the girls' aunt) admitted to them in late 2003 or early 2004 that she had sexually assaulted the girls when they were young.  Also, he states that he has learned that his

ex-wife's father had sexually abused several girls and women in his family, including the sister who allegedly admitted abusing Mr. Kailey's daughters. Mr. Kailey argues that this new evidence supports his claims that he was convicted and incarcerated in violation of his constitutional rights. Our review indicates that he has failed to make a prima facie showing that 28 U.S.C. § 2244(b)(2)(B) is satisfied.

Section 2244(b)(2)(B)(i) requires that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." We are not convinced that Mr. Kailey has demonstrated that, even exercising due diligence, he could not have discovered his evidence earlier. But even assuming that he has fulfilled § 2244(b)(2)(B)(i), § 2244(b)(2)(B)(ii) requires that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, *but for constitutional error*, no reasonable factfinder would have found the applicant guilty of the underlying offense." (emphasis added); *see also Herrera v. Collins*, 506 U.S. 390, 400 (1993) (stating that a claim of actual innocence cannot, standing alone without a constitutional violation, justify a writ of habeas corpus).

A broad reading of the motion for authorization indicates that Mr. Kailey identifies six alleged constitutional violations. Two of those alleged violations – incarceration in violation of the Eighth-Amendment right to be free of cruel and unusual punishment and of the Fourteenth-Amendment due process right to be

free from arbitrary confinement – would not be the *cause* of his incarceration, but instead would be the *result*. Thus, they would not fulfill the "but for" requirement. Mr. Kailey's Sixth-Amendment argument regarding the assistance of counsel and his argument regarding prosecutorial misconduct for certain remarks to jurors both were asserted in his previous habeas action. *See* Mot. for Auth. at 4A; *Kailey*, 1996 WL 15547, at *2. Under § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Accordingly, these claims cannot proceed. His claim that Colorado law provides that he should have a new trial is a claim of an error of state law, which does not justify federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Finally, his claim of being denied his Fourteenth-Amendment right to due process because of an inadequate pre-trial investigation does not show circumstances sufficient to establish a due process violation. *See Amrine v. Brooks*, No. 07-2104, 2008 WL 927607, at *8-10 (8th Cir. Apr. 8, 2008); *Wilson v. Lawrence County*, 260 F.3d 946, 955-56 (8th Cir. 2001); *see also Ward v. Anderson*, 494 F.3d 929, 933 n.5, 934-39 (10th Cir. 2007) (distinguishing between procedural due process and substantive due process claims and applying the "shock the conscience" standard to a substantive due process claim of inadequate administrative investigation).

Mr. Kailey's motion for authorization to file a second or successive § 2254 petition is DENIED. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk